**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | Claim No: 1998A11743/1998A16671 |
| | § | |
| vs. | § | |
| | § | |
| Katherine A. Hendricks aka Katherine A. Myers | | |

# COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

## Jurisdiction

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

## Venue

2. The defendant is a resident Wayne County, Michigan within the jurisdiction of this Court and may be served with service of process at 5565 Marlborough Street, Detroit, Michigan 48224.

## The Debt

First Cause of Action - Claim Number: 1998A11743

3. The debt owed the USA is as follows:

| | |
|---|---|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $721.45 |
| B. Current Capitalized Interest Balance and Accrued Interest | $885.16 |
| C. Administrative Fee, Costs, Penalties | $18.64 |

| | |
|---|---|
| D. Attorneys fees | $0.00 |
| **Total Owed - Claim Number 1998A11743** | **$1,625.25** |

<u>Second Cause of Action - Claim Number: 1998A16671</u>

4. The debt owed the USA is as follows:

| | |
|---|---|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $2,265.72 |
| B. Current Capitalized Interest Balance and Accrued Interest | $2,964.96 |
| C. Administrative Fee, Costs, Penalties | $50.94 |
| D. Attorneys fees | $0.00 |
| **Total Owed - Claim Number 1998A16671** | **$5,281.62** |

**TOTAL OWED (Claim Numbers 1998A11743 and 1998A16671) $6,906.87**

The Certificate of Indebtedness, attached as Exhibit "A" and "B", show the total owed excluding attorney's fees and CIF charges. The principal balance and the interest balance shown on the respective Certificates of Indebtedness, are correct as of the date of the Certificates of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 7.510% per annum or $0.15 per day on Claim Number 1998A11743 and 8.000% per annum or $0.50 per day on Claim Number 1998A16671.

**<u>Failure to Pay</u>**

5. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraph 3 and 4 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 that interest on the judgment be at the legal rate until paid in full;

B. For attorneys' fees to the extent allowed by law; and,

C. For such other relief which the Court deems proper.

Respectfully submitted,

By: s/Charles J. Holzman (P35625)
Holzman Corkery, PLLC
Attorneys for Plaintiff
Tamara Pearson (P56265)
28366 Franklin Road
Southfield, Michigan 48034
(248) 352-4340
usa@holzmanlaw.com

**U.S. DEPARTMENT OF EDUCATION**
**SAN FRANCISCO, CALIFORNIA**

**CERTIFICATE OF INDEBTEDNESS**

KATHERINE A. HENDRICKS
AKA: KATHERINE HENDRICKS
3025 4TH ST.
#BLDG.-114
DETROIT, MI. 48201-2277

Total debt due United States as of 11/19/97 : $ 829.86

I certify that U.S. Department of Education records show that the debtor named above is indebted to the United States in the amount stated above, plus additional interest on the principal balance of $ 721.45 from 11/19/97 at the annual rate of 7.51 percent. Interest accrues on the principal amount of this debt at a rate of $ 0.15 per day.

The claim arose in connection with a Government insured or guaranteed loan made by a private lender and assigned to the United States.

On 07-13-89, the debtor executed promissory note(s) to secure the loan(s) from FIRST BANK, MILWAUKEE, under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note(s) and on 02-03-90 the debtor defaulted on the obligation.

Pursuant to 34 C.F.R. 682.202 and/or terms of the promissory note(s) the holder(s) capitalized interest accrued to the original lender in the amount of $ 125.78 thereby increasing the principal balance due to $ 866.78.

After application of the last voluntary payment of $0.00 which was received on N/A the debtor now owes the following :

| | | |
|---|---|---|
| Principal: | $ | 721.45 |
| Interest: | $ | 89.77 |
| Administrative/ Collection Costs: | $ | 18.64 |
| Penalties: | $ | 0.00 |

CERTIFICATION: Pursuant to 28 U.S.C. Section 1746, I certify under penalty of perjury that the foregoing is true and correct.

12/4/97
(Date)

[signature]
Loan Analyst-Litigation Branch

HIGHER EDUCATION ASSISTANCE FOUNDATION
PO BOX 64107 • ST. PAUL, MN 55164

After lender completes application, mail HEAF copy only to this address.

LENDER COPY

**SUPPLEMENTAL LOAN FOR STUDENTS (SLS) APPLICATION/PROMISSORY NOTE**

**SECTION A - TO BE COMPLETED BY BORROWER** *(PRINT IN INK—PRESS FIRMLY—OR TYPE)*

1. NAME (NO NICKNAMES) LAST Handricks FIRST Katherine
3. WHEN WERE YOU BORN?
4. PERMANENT ADDRESS 1645 W. Euclid
5. PERMANENT HOME PHONE
CITY Detroit STATE Michigan 48206
6. U.S. CITIZENSHIP STATUS (CHECK ONE) [x] U.S. CITIZEN OR NATIONAL [ ] PERMANENT RESIDENT OR OTHER ELIGIBLE ALIEN — ALIEN ID NUMBER IF APPLICABLE
7. PERMANENT RESIDENT OF WHICH STATE michigan
8a. DRIVER LICENSE NUMBER (IF YOU DO NOT HAVE A LICENSE, PRINT "NONE" AND GO TO 9) None
8b. STATE IN WHICH ISSUED N/A
9. ADDRESS WHILE IN SCHOOL (STREET, CITY, STATE, ZIP) 1645 W. Euclid
10. PHONE AT SCHOOL ADDRESS ( ) Same
11. MAJOR COURSE OF STUDY. SEE INSTRUCTIONS IN APP BOOKLET 16
12. LOAN AMOUNT REQUESTED $ 741 .00
13. PERIOD LOAN WILL COVER 7 , 89 TO 12 , 89

**PRIOR LOAN INFORMATION**

14a. DO YOU HAVE ANY PRIOR UNPAID SLS (ALAS) OR PLUS LOANS? [ ] YES (GO TO 14b) [x] NO (GO TO 18a)
14b. IF YES, TOTAL UNPAID PRINCIPAL BALANCE $
15. UNPAID PRINCIPAL BALANCE OF MOST RECENT SLS (ALAS) $
16. GRADE LEVEL OF MOST RECENT SLS (ALAS) SEE INSTRUCTIONS IN APP BOOKLET
17. LOAN PERIOD START DATE OF MOST RECENT SLS (ALAS)
18a. DO YOU HAVE ANY PRIOR UNPAID GSL LOANS? [ ] YES (GO TO 18b) [x] NO (GO TO 19a)
18b. IF YES, TOTAL UNPAID PRINCIPAL BALANCE $
19a. DO YOU HAVE ANY UNPAID PLUS LOANS IF YOU BORROWED AS A PARENT UNDER THE PLUS LOAN PROGRAM? [ ] YES (GO TO 19b) [x] NO (GO TO 20)
19b. IF YES, TOTAL UNPAID PRINCIPAL BALANCE OF PLUS LOANS $
20. HAVE YOU EVER DEFAULTED ON A GSL, SLS (ALAS), PLUS, PERKINS (NDSL) ... [ ] YES (GIVE DETAILS ON SEPARATE SHEET) [x] NO

REFERENCES (YOU MUST PROVIDE THREE DIFFERENT NAMES WITH DIFFERENT U.S. ADDRESSES AND PHONE NUMBERS)

| | 21a PARENT / GUARDIAN | 21b RELATIVE | 21c |
|---|---|---|---|
| NAME | LaVerne Smith | Barbara Hendricks | Patricia Tolliver |
| STREET | 1731 GENEVA | 1543 W. Euclid | 1717 Lee Place |
| CITY, STATE, ZIP | Detroit, MI. 48206 | Detroit, MI. 48206 | Detroit, MI. 48206 |
| PHONE | ( | 13 | 13 |

22. IF YOU QUALIFY, DO YOU WISH TO DEFER PRINCIPAL PAYMENTS WHILE IN SCHOOL? (IF YES, GO TO 23. IF NO, GO TO 24a) [x] YES [ ] NO
23. YOUR LENDER MAY ALLOW THE INTEREST TO ACCRUE AND CAPITALIZE IT DURING THE DEFERMENT OR YOUR LENDER MAY COLLECT THE INTEREST FROM YOU IN PERIODIC INSTALLMENTS. IF YOUR LENDER GIVES YOU A CHOICE, WHICH DO YOU PREFER? [x] ACCRUE/CAPITALIZE [ ] PERIODIC INSTALLMENT PAYMENTS

NOTICE TO BORROWER: You must read the additional Promissory Note terms and the Borrower's Certification on the reverse side before signing this Promissory Note. PROMISE TO PAY: I promise to pay to the order of my lender the entire Loan Amount Requested shown above, to the extent that it is advanced to me, including the Guarantee Fee and interest on the unpaid principal balance, subject to the terms and conditions described on the reverse side of this Promissory Note and to the terms and conditions contained in the Disclosure Statement that will be provided to me no later than the time of the first disbursement of this loan. I have read, I understand, and I agree to the Borrower's Certification on the reverse side of this Promissory Note. I understand that this is a Promissory Note. I will not sign it before reading all of its provisions, even if otherwise advised. I am entitled to a copy of this Promissory Note. By signing this Promissory Note I acknowledge that I have received an exact copy of it.

24a. SIGNATURE OF BORROWER (APPLICATION CANNOT BE PROCESSED WITHOUT SIGNATURE) X Katherine Hendricks
24b. DATE BORROWER SIGNED 7 , 13 , 89

**SECTION B - TO BE COMPLETED BY SCHOOL**

25. NAME OF SCHOOL Michigan Computer Inst.
27. PHONE (313) 443-5462
28. SCHOOL CODE 023267
26. ADDRESS (STREET, CITY, STATE, ZIP) 20755 Greenfield Southfield Mi. 48075
29. 0000
30.
31. PERIOD LOAN WILL COVER 7 , 11 , 89 / 12 , 29 , 89
32. STUDENT'S GRADE LEVEL (CHECK ONE) CORRESP [0] UNDERGRAD [x] [2] [3] [4] [5] GRAD [6] [7] [8] [9] [10]
33. ANTICIPATED GRADUATION DATE 12 , 29 , 89
34. WILL THE BORROWER BE ENROLLED FULL-TIME DURING THE LOAN PERIOD? [x] YES UNTIL (DATE) 12 29 89 [ ] NO
35. STUDENT STATUS [ ] DEPENDENT [x] INDEPENDENT
36. COST OF ATTENDANCE FOR LOAN PERIOD $ 11,506
37. ESTIMATED FINANCIAL AID FOR LOAN PERIOD $ 4925
38. $ 6581
39. SUGGESTED DISBURSEMENT DATE 7 , 25 , 89
40. WILL THE STUDENT ATTEND A FOREIGN SCHOOL? YES [ ] NO [x]
41. SCHOOL USE ONLY

I HAVE READ, I UNDERSTAND, AND I AGREE TO THE TERMS OF THE SCHOOL CERTIFICATION PRINTED ON THE REVERSE SIDE OF THIS APPLICATION
42a. SIGNATURE OF SCHOOL OFFICIAL X Deborah Squirewell
42b. DATE SIGNED 7 18 89
42c. PRINT NAME AND TITLE Deborah Squirewell / Dir. Fin.

**SECTION C - TO BE COMPLETED BY LENDER**

43. NAME OF LENDER First Bank Milwaukee — First Bk. Milwaukee 830038
45. LENDER CODE
46. BRANCH CODE
44. ADDRESS (STREET, BUILDING)
LENDER CODE ADJUSTMENT MADE IN APP. REVIEW
47.
48.
APR 0 8 1997
CITY, STATE, ZIP
49. TOTAL LOAN AMOUNT APPROVED $ .00
50. DISBURSEMENT DATE MO DAY YR
51. NUMBER OF MONTHLY INSTALLMENTS
52. DUE DATE OF FIRST PAYMENT MO YR
DOE/OU
53. LENDER ACCOUNT NUMBER
Mary Cruikshank, Mgr. APP REVIEW
55a. SIGNATURE OF LENDING OFFICIAL X
55b. DATE SIGNED MO DAY YR
55c. PRINT NAME AND TITLE
JUL 24 1989

**SECTION D - TO BE COMPLETED BY HEAF**

56. HEAF USE ONLY
57. PROMISSORY NOTE STATUS
58. CREDIT APPROVAL INDICATOR

F40-61 4-87
SLS-353

REVIEWED #3

I CERTIFY UNDER PENALTY OF PERJURY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL PROMISSORY NOTE
NAME [signature] DATE 11/24/97

SLS PROMISSORY NOTE

## A. PROMISE TO PAY

The interest and Guarantee Fee rates and terms (mentioned in the Promise to Pay on the front of this application promissory note) are:

1. Interest. For a PLUS or SLS loan made for a period of enrollment beginning prior to July 1, 1987, the applicable interest rate is 12% per year. For loans made for periods of enrollment beginning on or after July 1, 1987, the interest will be equivalent to interest on the Loan Amount shown on the front of this application promissory note, at a variable rate not to exceed 12 percent per year. The interest rate will be determined annually and will be disclosed to me prior to disbursement of my loan. The interest rate for any year will be the rate published for that year by the U.S. Department of Education for variable-rate PLUS and SLS loans.

2. Guarantee Fee

HEAF may charge a fee to guarantee my loan. The amount, if any, is governed by current [illegible] applicable regulations and HEAF policy. Fee will be deducted from my check. I understand except for the amount attributable to any [illegible] the lenders option, be applied to my loan [illegible] statement will show the actual guarantee fee

## B. DISCLOSURE OF LOAN INFO

I understand that before I receive my loan [illegible] statement that identifies all the terms of my l[illegible]

## C. GENERAL

I understand that the lender has applied f[illegible] Higher Education Assistance Foundation (H[illegible] and the terms of this Promissory Note will b[illegible] of the Higher Education Act of 1965, as am[illegible] under the Act and the Rules and Regulation[illegible] law, this Note shall be governed by the laws [illegible]

## D. REPAYMENT

1. I understand I can either defer principa[illegible] immediately. These options are described [illegible] front of this application promissory note. *Deferred Repayment.* If I answer YES to #[illegible] reasons explained under Deferment in the [illegible] the repayment period on this loan begins [illegible] due within 60 days of disbursement. However, at my lenders option, and in accordance [illegible] statement:

a. be paid by me in installments, or
b. accrue and be added to the principal am[illegible] quarterly, in accordance with laws and reg[illegible] I will contact the lender prior to expiration [illegible] of repayment. If I neglect to do so, I authori[illegible] the guidelines set forth in Paragraph 2 of [illegible] my lender must inform me of the terms in [illegible] to the lender.

*Immediate repayment.* If I answer NO to [illegible] interest within 60 days of disbursement.

2. I will repay this loan within 10 years of [illegible] generally lasts at least 5 years but no more [illegible] to these rules apply:

a. The lender may require a repayment p[illegible] ensure that during each year of the repay[illegible] GSLP, PLUS or SLS program loans o[illegible] least $600 or the unpaid principal balance [illegible]
b. If I qualify for any deferment period desc[illegible] grants "forbearance", those periods will n[illegible] noted above.

3. The particular terms and conditions of [illegible] the loan disclosure statement that the len[illegible]

4. My obligation to repay this loan shall b[illegible] nently disabled.

## E. PREPAYMENT

At my option and without penalty, I may prepay all or any part of the unpaid principal balance of this Note. In the event of prepayment I will be entitled to a refund of any unearned interest which I have paid. The amount of any such rebate will be computed by the same method by which interest payments were computed.

## F. DEFERMENT OF PAYMENT

In certain instances authorized by the Act the payments I am required to make as described under Repayment in this Note may be deferred. The instances currently authorized by the Act are described under Deferment in the HEAF application information booklet. If I seek such deferment, I agree to comply with the relevant federal regulations and the Rules and Regulations of HEAF including without limitation submission of required forms to the lender. I will remain responsible for payment of interest during any period of deferment which my lender may, (a) collect on a periodic basis, or (b) add to the principal balance of the loan.

## G. FORBEARANCE

If I am unable to repay this loan in accordance with the terms established under Repayment in this Note, I may request the lender to modify these terms. I understand that such modification would be at the lenders option and would have to be in compliance with the federal regulations adopted under the Act and the Rules and Regulations of HEAF. I understand that a modification of repayment terms under this Section is different from Deferment as described in this Note and that during this period I will remain responsible for payment of interest, which the lender may (a) collect from me on a periodic basis or (b) add to the principal balance of this loan.

## H. DEFAULT

1. Definition—I understand that under the Act and HEAF Rules and Regulations, any of the following events is a default:

a. failing to make any installment payment when due, provided that this failure persists for 180 days for a loan repayable in monthly installments or 240 days for a loan repayable in less frequent installments;
b. making any false representation for the purpose of obtaining this loan;
c. using the loan proceeds for other than educational purposes;
d. failing to enroll in the school that completed the application for the time identified as my loan period;
e. not notifying the lender immediately if I (a) drop to less than a half-time student, (b) change my graduation date, (c) change my name, or (d) change my permanent address.

2. Consequences of default—If I default on this loan:

a. The lender may declare the entire unpaid amount of the loan, including interest, immediately due and payable.
b. The lender, holder, or guaranty agency may disclose to schools I have attended or am currently attending information about the default.

[illegible] Title IV programs and any of the following [illegible] Educational Opportunity Grant, College Work-[illegible] loan (formerly called National Direct Student [illegible] rental Loan for Students, SLS, PLUS loans

[illegible] der Requirement and Deferment in this Note, [illegible] including attorney's fees, that are permitted by [illegible] these amounts. If this loan is referred for [illegible] Debt Collection Practices Act, I will pay [illegible] unpaid principal and accrued interest. [illegible] at the option of the lender, [illegible] notice and other requirements of law. Failure to [illegible] of the lender's right to exercise the option

[illegible] then be required to pay HEAF all amounts

[illegible] me a late charge if I fail to pay all or part of a [illegible] if it is due or if I fail to provide written evi[illegible] ment deferred as described under Deferment [illegible] ents for each dollar of each late installment.

## I.

[illegible] and its repayment will be reported to one or [illegible] on this loan, the lender, holder or guaranty [illegible] bureau organizations. This may significantly and [illegible]

[illegible] tify me at least 30 days in advance that infor[illegible] redit bureau organizations unless I enter into

[illegible] a request from any credit bureau organization [illegible] tion about the accuracy and completeness

[illegible] laws of the United States of America that the [illegible] I certify that the information contained in my [illegible] correct to the best of my knowledge and belief. [illegible] under the SLS program, I authorize the [illegible] may be due me up to the amount of this loan [illegible] HEAF to release to the [illegible] information pertinent [illegible] I have not been in default [illegible] the SLS program [illegible] for the [illegible] me the loan to HEAF to reimburse insur[illegible] information to my lender, the [illegible] and telephone number [illegible] to the lender, subsequent holder, their agents or HEAF to release my credit and employment history and to answer questions about their credit experience with me. I certify that the proceeds of this loan will be used for educational purposes [illegible] for the academic period stated on my loan application at the educational institution named [illegible] responsible for repaying any funds that I receive which cannot reasonably be attributed to meeting educational costs related to attendance at that institution for the loan period stated. I certify that I am eligible to apply for a Pell Grant [illegible] requested my institution to estimate my eligibility for a Pell Grant. I certify that I am a [illegible] for participation [illegible] under the SLS program and that [illegible] any Title IV aid program [illegible] guaranteed student loan program [illegible] my lender's duties and my rights under that program.

AFFIX TO BACK OF PROMISSORY NOTE

Pay to the order of Higher Education Assistance Foundation ("HEAF") without recourse, provided, however, notwithstanding this indorsement without recourse, the undersigned hereby expressly:

1. Warrants that:
   a) no defense of any party is good against the undersigned; and
   b) the undersigned is not in default under the terms of that certain Lender Agreement for Guarantee of Student loans with Federal Reinsurance ("Lender Agreement") between it and HEAF, in accordance with which payment of the indebtedness evidenced by this instrument was guaranteed by HEAF.
2. Disclaims the implied warranty that it has no knowledge of any insolvency proceeding instituted with respect to the maker of this instrument and instead warrants that to the extent it has knowledge of any such proceeding it has disclosed the same to HEAF, but no other implied warranties are hereby disclaimed.
3. Acknowledges that:
   a) upon payment in full by HEAF of the claim submitted by the undersigned pursuant to the aforesaid Lender Agreement, HEAF will have discharged all of its obligations to the undersigned arising out of said Lender Agreement, and
   b) notwithstanding payment by HEAF of the undersigned's claim and acceptance by HEAF of transfer of this instrument in consideration thereof, HEAF has not waived any rights that it may have against the undersigned pursuant to the terms of the aforesaid Lender Agreement.

| SIGNATURE | |
|---|---|
| [signature] | |
| TITLE: Claims Analyst | DATE: 9/13/93 |

F0035 10-87

## SCHOOL CERTIFICATION

I hereby certify that the student named in Section A of this application is accepted for enrollment or is enrolled as at least a half-time student and is making satisfactory progress in a program determined to be eligible for this loan program. I further certify that the student has been determined by this institution, under the regulations applicable to this loan program, to be eligible for the loan amount. I further certify that based upon the records available at this institution and the inquiry to the student, the student has satisfied the requirements under the Selective Service Act necessary to receive financial aid, is not in default on any loan made under any Title IV student assistance program identified in 34 CFR Part 668, and is not liable for any refund of any grant made under any Title IV student assistance program identified in 34 CFR Part 668. I further certify that this institution will comply with all applicable provisions of federal law and the rules, regulations, policies, and procedures of HEAF in the administration of this loan. The information provided in Sections A and B and this School Certification is true, complete and correct to the best of my knowledge and belief.

**U.S. DEPARTMENT OF EDUCATION**
**SAN FRANCISCO, CALIFORNIA**

**CERTIFICATE OF INDEBTEDNESS**

KATHERINE A. HENDRICKS
AKA: KATHERINE HENDRICKS
3025 4TH ST.
#BLDG.-114
DETROIT, MI. 48201-2277

Total debt due United States as of 11/19/97 : $ 2,616.36

I certify that U.S. Department of Education records show that the debtor named above is indebted to the United States in the amount stated above, plus additional interest on the principal balance of $ 2,265.72 from 11/19/97 at the annual rate of 8.00 percent. Interest accrues on the principal amount of this debt at a rate of $ 0.50 per day.

The claim arose in connection with a Government insured or guaranteed loan made by a private lender and assigned to the United States.

On 07-13-89, the debtor executed promissory note(s) to secure the loan(s) from FIRST BANK, MILWAUKEE, under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note(s) and on 02-28-91 the debtor defaulted on the obligation.

Pursuant to 34 C.F.R. 682.202 and/or terms of the promissory note(s) the holder(s) capitalized interest accrued to the original lender in the amount of $ 190.88 thereby increasing the principal balance due to $ 2,815.88.

After application of the last voluntary payment of $0.00 which was received on N/A the debtor now owes the following :

| | | |
|---|---|---|
| Principal: | $ | 2,265.72 |
| Interest: | $ | 299.70 |
| Administrative/ Collection Costs: | $ | 50.94 |
| Penalties: | $ | 0.00 |

CERTIFICATION: Pursuant to 28 U.S.C. Section 1746, I certify under penalty of perjury that the foregoing is true and correct.

12/4/97
(Date)

[signature]
Loan Analyst-Litigation Branch

HIGHER EDUCATION ASSISTANCE FOUNDATION
P.O. BOX 64107 • ST. PAUL, MN 55164-0107

After lender completes application, mail HEAF copy only to this address.

HEAF USE ONLY

**GUARANTEED STUDENT LOAN (GSL) APPLICATION/ PROMISSORY NOTE**

**SECTION A - TO BE COMPLETED BY BORROWER** *(PRINT IN INK—PRESS FIRMLY—OR TYPE)*

1 NAME (NO NICKNAMES): LAST Hendricks FIRST Katharina MI A.
2 SOCIAL SECURITY NUMBER
3 WHEN WERE YOU BORN?
4 PERMANENT ADDRESS: 1645 W. Euclid
5 PERMANENT HOME PHONE: (313) 972-1137
CITY: Detroit STATE: Michigan ZIP: 48206
6 U.S. CITIZENSHIP STATUS (CHECK 1 OR 2): 1 [X] U.S. CITIZEN OR NATIONAL 2 [ ] PERMANENT RESIDENT OR OTHER ELIGIBLE ALIEN
ALIEN ID NUMBER IF APPLICABLE
7 PERMANENT RESIDENT OF WHICH STATE: Michigan
8a DRIVER LICENSE NUMBER (IF YOU DO NOT HAVE A LICENSE, PRINT "NONE" AND GO TO 9)
8b STATE IN WHICH LICENSE ISSUED: N/A
9 ADDRESS OF BORROWER WHILE IN SCHOOL (STREET, CITY, STATE, ZIP): SAME
10 PHONE AT SCHOOL ADDRESS: ( ) SAme
11 WHICH COURSE OF STUDY SEE CODES IN INSTRUCTIONS BOOKLET: 16
12 LOAN AMOUNT REQUESTED: $2625.00
13 LOAN PERIOD: 7 89 12 89

PRIOR LOAN INFORMATION: READ INSTRUCTIONS IN THE APPLICATION BOOKLET

14 HAVE YOU EVER DEFAULTED ON A GSL, SLS (ALAS), PLUS, PERKINS, CONSOLIDATED, OR INCOME CONTINGENT LOAN? [ ] YES (GIVE DETAILS ON SEPARATE SHEET) [X] NO
15a DO YOU HAVE ANY PRIOR UNPAID GSL LOANS? [ ] YES (GO TO 15b) [X] NO (GO TO 20)
15b IF YES, TOTAL UNPAID BALANCE OF GSL LOANS: $ N/A
16 UNPAID PRINCIPAL BALANCE OF MOST RECENT PRIOR GSL: $ N/A
17 GRADE LEVEL OF MOST RECENT PRIOR GSL SEE INSTRUCTIONS: N/A
18 LOAN PERIOD START DATE OF MOST RECENT PRIOR GSL: N/A
19 INTEREST RATE OF MOST RECENT PRIOR GSL: N/A [ ] 9%

REFERENCES (YOU MUST PROVIDE THREE DIFFERENT NAMES WITH DIFFERENT U.S. ADDRESSES AND PHONE NUMBERS)

| | 20a | 20b | 20c |
|---|---|---|---|
| NAME | LaVerne Smith | Patricia Tolliver | Barbara Hendricks |
| STREET | 1931 Geneva | 1717 Lac Place | 1543 W. Euclid |
| CITY, STATE, ZIP | Detroit, MI. 48206 | Detroit, MI. 48206 | Detroit, MI. 48206 |

NOTICE TO BORROWER: You agree that the lender identified in Section C is the lender you have chosen. You must read the additional Promissory Note terms and the Borrower's Certification on the reverse side before signing this Promissory Note.
PROMISE TO PAY: I promise to pay to the order of my lender the entire Loan Amount Requested shown above, to the extent that it is advanced to me, including the Guarantee Fee and the Origination Fee and interest of the unpaid principal balance, subject to the terms and conditions described on the reverse side of this Promissory Note and to the terms and conditions contained in the Disclosure Statement that will be provided to me no later than the time of the first disbursement of this loan. I have read, I understand and I agree to the Borrower's Certification on the reverse side of this Promissory Note.
I understand that this is a Promissory Note. I will not sign it before reading all of its provisions, even if otherwise advised. I am entitled to a copy of this Promissory Note. By signing this Promissory Note I acknowledge that I have received an exact copy of it.

21a SIGNATURE OF BORROWER (APPLICATION CANNOT BE PROCESSED WITHOUT SIGNATURE): X Katharina Hendricks
21b DATE BORROWER SIGNED: 7 13 89

**SECTION B - TO BE COMPLETED BY SCHOOL** (BORROWER: DO NOT WRITE IN SECTIONS BELOW)

22 NAME OF SCHOOL: Michigan Computer Inst.
24 PHONE: (313) 443-5410
25 SCHOOL CODE: 023267
23 ADDRESS (STREET, CITY, STATE, ZIP): 20755 Greenfield Southfield, Mi. 48075
26 SCHOOL BRANCH: 0000
28 PERIOD LOAN WILL COVER: 7 11 89 12 29 89
29 STUDENT GRADE LEVEL: X
30 ANTICIPATED GRADUATION DATE: 12 29 89
31 STUDENT STATUS: [ ] DEPENDENT [X] INDEPENDENT
32 ADJUSTED GROSS INCOME (AGI): $ -0-
33 COST OF ATTENDANCE FOR LOAN PERIOD: $ 11,506
34 ESTIMATED FINANCIAL AID FOR LOAN PERIOD: $ 3041
35 EXPECTED FAMILY CONTRIBUTION: $ -0-
36 MAXIMUM: $ 5465
37 SUGGESTED DISBURSEMENT DATES: 1ST DISB 7 25 89 2ND DISB
38 DO SUGGESTED DISBURSEMENT DATES CORRESPOND TO SCHOOL TERMS? YES [X] NO [ ]
39 WILL THE STUDENT ATTEND A FOREIGN SCHOOL? YES [ ] NO [X]
40 SCHOOL USE ONLY

I HAVE READ, I UNDERSTAND, AND I AGREE TO THE TERMS OF THE SCHOOL CERTIFICATION PRINTED ON THE REVERSE SIDE OF THIS APPLICATION
41a SIGNATURE OF SCHOOL OFFICIAL: X Deborah Squirewell 7 18 89
41c PRINT NAME AND TITLE: Deborah Squirewell / Dir. F.A.

**SECTION C - TO BE COMPLETED BY LENDER**

42 NAME OF LENDER: First Bank Milwaukee
44 LENDER CODE: 820538
43 ADDRESS (STREET, BUILDING)
45 BRANCH CODE
CITY STATE ZIP

LENDER CODE ADJUSTMENT MADE IN APP. REVIEW — Tracy Ann Liddell, Mgr. APP REVIEW

50 IS THIS AN UNSUBSIDIZED LOAN? YES [ ] NO [ ]
51 LENDER ACCOUNT NUMBER
52 LENDER USE ONLY
47
49 TOTAL LOAN AMOUNT APPROVED: JUL 24 1989 .00

**SECTION D - TO BE COMPLETED BY HEAF**

53a SIGNATURE OF LENDER OFFICIAL: X
53b DATE SIGNED
54 HEAF USE ONLY
55 PROMISSORY NOTE STATUS: Accept
53c PRINT NAME AND TITLE

REVIEWED #3

GSL-F0304A 2-88

CERTIFIED UNDER PENALTY OF PERJURY THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL PROMISSORY NOTE
[signature] 11/24/97
NAME DATE

LENDER COPY

## AFFIX TO BACK OF PROMISSORY NOTE

Pay to the order of Higher Education Assistance Foundation ("HEAF") without recourse, provided, however, notwithstanding this indorsement without recourse, the undersigned hereby expressly:

1. Warrants that:
   a) no defense of any party is good against the undersigned; and
   b) the undersigned is not in default under the terms of that certain Lender Agreement for Guarantee of Student loans with Federal Reinsurance ("Lender Agreement") between it and HEAF, in accordance with which payment of the indebtedness evidenced by this instrument was guaranteed by HEAF.
2. Disclaims the implied warranty that it has no knowledge of any insolvency proceeding instituted with respect to the maker of this instrument and instead warrants that to the extent it has knowledge of any such proceeding it has disclosed the same to HEAF, but no other implied warranties are hereby disclaimed.
3. Acknowledges that:
   a) upon payment in full by HEAF of the claim submitted by the undersigned pursuant to the aforesaid Lender Agreement, HEAF will have discharged all of its obligations to the undersigned arising out of said Lender Agreement; and
   b) notwithstanding payment by HEAF of the undersigned's claim and acceptance by HEAF of transfer of this instrument in consideration thereof, HEAF has not waived any rights that it may have against the undersigned pursuant to the terms of the aforesaid Lender Agreement.

| SIGNATURE X Karen Moseley | APR 19 1991 DATE |
|---|---|
| TITLE HSCA Claims Supervisor | |

F0025 10-87

[illegible] deducted from the proceeds of the loan. This fee is determined by federal law and will be reflected on my disclosure statement. Origination fees may be refunded pro rata, on undisbursed amounts, if the loan is repaid in full within 120 days of disbursement, if the loan check is not cashed within 120 days of disbursement or if the check is returned to the lender uncashed.

## B. DISCLOSURE OF LOAN INFORMATION

I understand that before I receive my first loan check, my lender will send me a loan disclosure statement that identifies all the terms of my loan.

## C. GENERAL

I understand that the lender has applied for guarantee coverage of this loan through HEAF and because of this, the loan is subject to, and the terms of this Promissory Note will be interpreted in accordance with, Title IV Part B of the Higher Education Act of 1965, as amended ("the Act"), federal regulations adopted under the Act, and the Rules and Regulations of HEAF. To the extent not governed by federal law, this Note shall be governed by the laws of the jurisdiction in which the lender is located.

## D. REPAYMENT

I will repay this loan in periodic installments during a repayment period that will begin no later than the end of my grace period.

However, during the grace period I may request that the repayment period begin earlier. The grace period begins when I cease to carry at least one half the normal academic workload at a school that is participating in the Guaranteed Student Loan Program (GSLP).

1) I will repay this loan over a repayment period that generally lasts at least 5 years but no more than 10 years. However, the following exceptions to these rules apply:
a. If, during the grace period, I request a shorter repayment period, the lender may grant me a shorter period. In that event, I may later choose to have the repayment period extended to 5 years.
b. The lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I—or, if both my spouse and I have GSL, PLUS or SLS program loans outstanding, we—pay toward principal and interest at least $600 of the unpaid principal of all such loans (plus interest).
c. If I qualify for postponement of my payments during any period described under Deferment in this Note, or if the lender grants "forbearance", as allowed by the Act, those periods will not be included in the 5- and 10-year periods mentioned above.

2) I must contact the lender prior to expiration of my grace period to negotiate the terms of repayment. If I neglect to do so, I hereby authorize the lender to establish repayment terms within the guidelines set forth in Paragraph 1 of this Section, without my further approval. However, the lender must inform me of these terms in writing at the latest address that I have provided to the lender.

3) The particular terms and conditions of repayment that apply to this loan will be set forth in a separate document that the lender will provide to me before the repayment period begins.

4) My obligation to repay this loan shall be cancelled if I become totally and permanently disabled or die.

## E. PREPAYMENT

At my option and without penalty, I may prepay at any time all or any part of the unpaid principal balance of this Note. In the event of prepayment, I will be entitled to a refund of any unearned interest that I have paid. The amount of any such refund will be computed by the same method by which interest payments were computed.

## F. DEFERMENT

I understand that in certain instances authorized by the Act the payments I am required to make as described under Repayment in this Note may be deferred. The instances currently authorized by the Act are described under Deferment in the HEAF application information booklet. To obtain such deferment, I agree to comply with the relevant federal regulations and the Rules and Regulations of the HEAF, including, without limitation, submission of required forms to the lender.

## G. FORBEARANCE

If I am unable to repay this loan in accordance with the terms established under Repayment in this Note, I may request the lender to modify these terms. I understand that such modification would be at the lender's option and would have to be in compliance with the Act, federal regulations adopted under the Act and the Rules and Regulations of HEAF. I understand that a modification of repayment terms under this section is different from Deferment as described in this Note, and that during the period I will remain responsible for payment of interest, which the lender may (a) collect from me on a periodic basis or (b) add to the principal balance of this loan.

## H. DEFAULT

1. Definition — I understand that under the Act and HEAF Rules and Regulations, any of the following events is a default:
a. failing to make any installment payment when due, provided that this failure persists for 180 days for a loan repayable in monthly installments or 240 days for a loan repayable in less frequent installments.
b. making any false representation for the purpose of obtaining this loan.
c. using the loan proceeds for other than educational purposes.
d. failing to enroll in the school that completed the application for the time identified as my loan period.
e. not notifying the lender immediately if I (a) drop to less than a half-time student, (b) change my graduation date, (c) change my name, or (d) change my permanent address.

2. Consequences of default — If I default on this loan:
a. The lender may declare the entire unpaid amount of the loan, including interest, immediately due and payable.
b. The lender, holder or guarantee agency may disclose to schools I have attended (or am currently attending) information about the default.
c. I will be ineligible to receive assistance from all Title IV programs and any of the following federal programs: Pell Grant, Supplemental Educational Opportunity Grant, College Work-Study, State Student Incentive Grant, Perkins Loan (formerly National Direct Student Loan), Guaranteed Student Loan (GSL), Supplemental Loan for Students (SLS), PLUS loans, or Consolidation Loans.
d. I will be ineligible for the benefits described under Repayment and Deferment in this Note.
e. I will also pay all charges and other costs, including attorney's fees, that are permitted by federal law and regulations for the collection of these amounts. If this loan is referred for collection to an agency that is subject to the Fair Debt Collection Practices Act, I will pay collection costs not to exceed 25 percent of the unpaid principal and accrued interest. Declaring these amounts immediately due and payable is at the option of the lender, which it may do only after complying with applicable notice and other requirements of law. Failure to exercise this option does not constitute a waiver of the lender's right to exercise the option at a later date.
The lender may assign this Note to HEAF and thus be required to pay HEAF all amounts owed.

## I. LATE CHARGES

If permitted by law, the lender may collect from me a late charge if I fail to pay all or part of a required installment payment within 10 days after it is due or if I fail to provide written evidence that verifies my eligibility to have the payment deferred as described under Deferment in this Note. A late charge may not exceed 6 cents for each dollar of each late installment.

## J. CREDIT BUREAU NOTIFICATION

[illegible]

## BORROWER CERTIFICATION

[illegible]

## SCHOOL CERTIFICATION

[illegible]